■ In the Matter of the Estate of CAROLINE HOMEYER, Also Known as CAROLINE WURMSER and CAROLINE KLINK, Deceased. FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant; JULIUS J. WURMSER, as Administrator, C. T. A. of the Estate of CAROLINE HOMEYER, Deceased, Respondent.— In a proceeding by an administrator *c. t. a.* to judicially settle his final account, the surety company on his bond appeals from so much of a decree of the Surrogate's Court, Queens County, dated October 25, 1961, as overruled and dismissed its objections to the account and as directed the administrator to pay the balance of the estate to himself as sole legatee under the will. The objections were based on the administrator's failure to cite as necessary parties the plaintiffs in a pending negligence action against him in his fiduciary capacity. Decree, insofar as appealed from, affirmed, with costs. No opinion. Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.

■ In the Matter of SARBET ASSOCIATES, Appellant, v. ROBERT E. HERMAN, as State Rent Administrator, Respondent.— In a proceeding under article 78 of the Civil Practice Act, to review and annul a determination of the State Rent Administrator, which denied an application by petitioner landlord, pursuant to the State Rent and Eviction Regulations (§ 33, subd. 5) for a rent increase based upon the purchase price of the subject property, petitioner appeals from an order of the Supreme Court, Kings County, entered November 13, 1961, which denied its petition and dismissed the proceeding. Order affirmed, without costs. In our opinion, the State Rent Administrator properly refused to accept the purchase price as the basis for determining eligibility for an increase on the ground that the transaction was not normally financed. The criteria adopted by him for determining whether a sale was on normal financing terms or was abnormally financed so as to result in an inflated sales price, have been given legislative recognition by the Legislature's recent amendment incorporating such criteria in the statute governing rent control (Emergency Housing Rent Control Law, § 4, subd. 4, par. [a], cl. [1]; L. 1946, ch. 274, as amd. by L. 1961, ch. 337). Such amendatory statute (L. 1961, ch. 337) was effective at the time of the Administrator's determination herein. Under the statute, as thus amended, we find that the Administrator's determination was supported by substantial evidence; it was neither arbitrary nor capricious. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.